IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. FRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-0053-CV-W-DW |
| | ) |
| ISLE OF CAPRI CASINO, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's Motion to File Civil Action *In Forma Pauperis* (Doc. 1). For the following reasons, the motion is DENIED.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decided whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). <u>Id</u>. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must also immediately decide whether the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); <u>Martin-Trigona v. Stewart</u>, 691 F.2d at 857.

After review of Plaintiff's Complaint, the Court determines that this lawsuit is frivolous. Plaintiff titled his Complaint as one under Title VII. He fails, however, to attach the requisite Right to Sue Letter. Accordingly, Plaintiff's Complaint is dismissed without prejudice on these grounds.

Furthermore, throughout his complaint, Plaintiff appears to state that this is an action for negligence and false arrest. If this were such an action, the Court would be without jurisdiction, since

diversity is lacking between the parties, and this case would be dismissed without prejudice.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 1) and DISMISSES the case WITHOUT PREJUDICE.


Date: February 20, 2008

/s/ Dean Whipple
Dean Whipple
United States District Judge